Case 5:26-cv-00057   Document 3   Filed 02/02/26 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
February 02, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| FERNANDO ANTONIO SEGOVIA-GODOY § § § | |
| VS. § | CIVIL ACTION NO. 5:26-cv-57 |
| § § | |
| KRISTI NOEM *et al.* § | |

# ORDER

Petitioner's Writ of Habeas Corpus is **GRANTED IN PART** and **DENIED IN PART** (Dkt. No. 1).[1] Given the circumstances, the Court resolves the issues without a response or hearing. *See* 28 U.S.C. § 2243 ("A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ *or* issue an order directing the respondent to show cause why the writ should not be granted, . . . ." (emphasis added)); *see also Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989); *see also* Rules 4, 1(b) of the Rules Governing Section 2254 Proceedings.

The Court finds 8 U.S.C. § 1226(a) applies to Petitioner's detention.[2] *Buenrostro-Mendez v. Bondi*, No. CV H-25-3726, 2025 WL 2886346, at *3–4 (S.D. Tex. Oct. 7, 2025)

---

[1] The Undersigned has already granted Petitioner's relief on the merits in a *myriad* of cases. "[Y]et Respondents insist upon denying the relief that the Court has found is required." *J.B.H.P. v. Warden, Stewart Det. Ctr.*, No. 4:25-CV-494-CDL-AGH, 2025 WL 3762821, at *1 (M.D. Ga. Dec. 30, 2025); *see also Lahera Lopez v. Noem*, No. 5:26-CV-0099-JKP, 2026 WL 198237, at *1 (W.D. Tex. Jan. 22, 2026) (Pulliam, J.) ("A path paved from an overwhelming majority of cases addressing the issues, . . . has unanimously rejected Respondents' position when faced with typical facts, such as those present here.").

[2] The Court declines to decide the due process claims as the Court grants relief based on the applicability of section 1226(a) alone. *See Pizarro Reyes v. Raycraft*, No. 25-cv-12546 (RJW), 2025 WL 2609425, at *8 (E.D. Mich. Sep. 9, 2025). Nor will the Court reach Petitioner's Administrative Procedure Act claim for that same reason (*see* Dkt. No. 1 at 13–15). *See Mendoza-Menjivar v. Bondi*, No. 1:25-CV-2060-DAE, 2026 WL 89964, at *4 (W.D. Tex. Jan. 12, 2026) (Ezra, J.); *Jacobo v. Ripa*, No. 2:25-CV-1190-KCD-NPM, 2026 WL 145460, at *2 (M.D. Fla. Jan. 20, 2026) (citing *Pizarro Reyes*, 2025 WL 2609425, at *8).

Moreover, when a filing contains both habeas and non-habeas claims, the proper course is to bifurcate the matters and decide them separately. *Ndudzi v. Castro*, No. SA-20-CV-0492-JKP, 2020 WL 3317107, at *3 (W.D. Tex. June 18, 2020) (Pulliam, J.) (quoting *Orellana v. Kyle*, 65 F.3d 29, 31

(collecting cases); *Chogllo Chafla v. Scott*, No. 2:25-CV-00437, 2025 WL 2688541, at *5 (D. Me. Sep. 22, 2025) (describing the abundance of "persuasive" and "well-reasoned" opinions on this issue by district courts across the country); *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060-62 (7th Cir. 2025); *Cabrera-Hernandez v. Bondi*, No. 5:25-CV-197, 2025 WL 3684694, at *3–4 (S.D. Tex. Dec. 2, 2025) (Garcia Marmolejo, J.) (noting the "strong consensus" regarding the statutory language).

For the reasons elucidated in other cases, Respondents are **ORDERED** to provide Petitioner with a bond hearing pursuant to § 1226(a) no later than **February 9, 2026**. To the extent the Petition seeks Petitioner's release, it is **DENIED**. *See Jacobo*, 2026 WL 145460, at *1 (the district court is without authority to order immediate release when the appropriate relief is a bond hearing under § 1226(a)). All other relief not expressly provided is **DENIED**.

Although the Court is terminating the case, the parties are **ORDERED** to update the Court on the status of the bond hearing no later than **February 16, 2026**.

The Clerk of Court is **DIRECTED** to serve a copy of Petitioner's Writ of Habeas Corpus (Dkt. No. 1) and this Order on Respondents via certified mail return receipt requested at the following addresses:

> Kristi Noem
> United States Secretary of Department of Homeland Security
> 245 Murray Lane SW
> Mail Stop 0485
> Washington, District of Columbia 20528
>
> Todd M. Lyons
> Acting Director of Immigration and Customs Enforcement
> 500 12th Street SW
> Washington, District of Columbia 20536

---

(5th Cir. 1995) (per curiam)). "But, as here, when a case has proceeded entirely as a habeas action to final resolution, there is no need to determine the substance or procedural viability of any non-habeas claim given the dispositive determination on the primary habeas issue presented." *Trujillo v. Noem*, No. 5:25-CV-1266-JKP, 2025 WL 3471572, at *6 (W.D. Tex. Nov. 24, 2025) (Pulliam, J.).

Daren K. Margolin
Executive Office for Immigration Review
5107 Leesburg Pike
Falls Church, Virigina 22041

Miguel Vergara
Field Office Director for the Harlingen Field Office
1717 Zoy Street
Harlingen, Texas 78552

Warden Rio Grande Processing Center
1001 San Rio Boulevard
Laredo, Texas 78046

Pursuant to Federal Rule of Civil Procedure 4(i)(2), the Clerk of Court is **DIRECTED** to serve copies of Petitioner's Writ of Habeas Corpus (Dkt. No. 1) and this Order via certified mail return receipt requested on the following:

United States Attorney
Attention: Civil Process Clerk
1000 Louisiana Street, Suite 2300
Houston, Texas 77002

*See also* Rules 1(b), 12 of the Rules Governing Section 2254 Proceedings.

The Clerk of Court is also **DIRECTED** to electronically serve a courtesy copy of this Order on the Southern District of Texas's Civil Chief Daniel Hu at USATXS.CivilNotice@usdoj.gov.

The Clerk of Court is **DIRECTED** to **TERMINATE** this civil action. The Court will enter Final Judgment under separate cover. *See* Fed. R. Civ. P. 58(a).

It is so **ORDERED**.

**SIGNED** February 2, 2026.

*[signature]*
Marina Garcia Marmolejo
United States District Judge

3